# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

POÑIL RANCH, L.P.,

      Plaintiff,

v.                                    Case No. 1:23-cv-00743-MIS-KK

BOY SCOUTS OF AMERICA and
CHASE RANCH FOUNDATION,

      Defendants.

## THE CHASE RANCH FOUNDATION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL FIRST SET OF DISCOVERY RESPONSES

The Chase Ranch Foundation (incorrectly named as "Chase Ranch Foundation") ("Chase Ranch") has met all of its discovery obligations. Plaintiff's shotgun approach to discovery and unwillingness to narrow overly broad discovery requests has led to Plaintiff's Motion. The Court should not encourage this type of discovery in federal court. In fact, but for Chase Ranch's willingness to compromise, clarify, and supplement, the Court would have more to address. The Court should deny Plaintiff's Motion in its entirety.

## INTRODUCTION

This case involves a claim by Plaintiff that is nothing more than an effort by Poñil Ranch to gain easier access to the southern parts of its property. Plaintiff never has had an easement over the Chase Canyon Wagon Trail and, at best, has had infrequent permissive use. Largely, this litigation stems from the fact that the deceased former owner of Chase Ranch (Gretchen Sammis) would not sell her property to John Kimberlin (owner of the Poñil Ranch) and also would not allow Mr. Kimberlin access over Chase Ranch property. Once Ms. Sammis passed, Mr. Kimberlin used several improper means to attempt to get what Ms. Sammis would not give

him, including cutting locks placed by Chase Ranch.   This lawsuit now is Poñil Ranch's attempt to use the Court to support a strong-arm effort to force Chase Ranch's capitulation, in part by combining into one lawsuit two disparate easement claims.

After Chase Ranch made its initial disclosures, Plaintiff served discovery.   Chase Ranch served responses to discovery, which were met with a meet and confer letter.   The parties did meet and confer and were able to resolve many issues.   Chase Ranch has supplemented discovery as part of that agreement and now has produced hundreds of pages of documents in total between its initial disclosures and supplemental disclosures. Plaintiff however, has not been willing to compromise on a few issues, and this Motion has ensued.   It is telling that Plaintiff needs "much evidence" to try and shoehorn an easement theory into the facts of this case.   [*See* Doc. 92 at 4.]   Perhaps more telling, Plaintiff's Motion against Chase Ranch is basically a duplicate of the Motion to Compel Boy Scouts of America.   [Doc. 91.]

## GENERAL PRINCIPLES

Much of Plaintiff's Motion attacks Chase Ranch's discovery responses in broad swaths, arguing general principles rather than specific issues.   Plaintiff's Motion in this regard seems to want the Court to dictate general advisory rules of discovery rather than address any particular discovery request.   Plaintiff's recitation on these issues simply is not supported by Rule.

For example, Plaintiff complains that Chase Ranch "unilaterally granted [itself] an extension of time to produce documents.   [Doc. 92 at 4.]   This seems to show a fundamental misunderstanding of Federal Rule of Civil Procedure 34.   FRCP 34(b)(2)(B) does not require production of documents with the discovery responses; rather, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request."   The Rule specifically clarifies the responding party "may

state that it will produce copies of documents or of electronically stored information instead of permitting inspection." *Id.* The rule contemplates that production can be made in the same time frame as an inspection, and the only standard is reasonableness. *Id.* Chase Ranch did not grant itself an extension; instead, Chase Ranch relied on its right to produce the documents for inspection. Chase Ranch then agreed to produce those documents, which it has done.

Plaintiff also argues the time-worn mantra that Chase Ranch provided boilerplate objections. [Doc. 92 at 5.] Chase Ranch, however, provided appropriate objections to each individual discovery request and can support the objection for each request as needed. Given that the discovery often was overly broad, it should not surprise Plaintiff that Chase Ranch had to provide similar objections. Similarly, given the fact that Plaintiff served several contention interrogatories and seeks to switch the burden of proof improperly, it again should not be unexpected that Chase Ranch would offer similar objections to each interrogatory. Objections are not "boilerplate" simply because they are used in response to discovery requests that are equally objectionable. Chase Ranch has explained its objections to Plaintiff as part of the meet and confer process and will explain it objections to the Court now.

Finally, Plaintiff attacks Chase Ranch's responses in which Chase Ranch made a good faith effort to meet its discovery obligations and yet object to a portion of the discovery request. FRCP 33(b)(3) states that "[e]ach interrogatory must, *to the extent it is not objected to*, be answered separately and fully." (Emphasis added.) Similarly, FRCP 34(b)(2)(B) states that an "objection to part of a request must specify the part and permit inspection of the rest." Chase Ranch thus understands its obligation to meet a discovery request fairly by answering or responding as it can and objecting as needed. These are not "conditional" responses but, instead, are responses that comply with the Federal Rules of Civil Procedure.

## CHASE RANCH APPROPRIATELY ANSWERED DISCOVERY

Plaintiff's Motion does not specifically address any particular request, and the organization of Plaintiff's Motion makes it somewhat difficult to identify exactly the discovery requests that are at issue. Piecing together the various arguments, Chase Ranch can identify that Plaintiff has put at issue Interrogatories 2, 4, 5, 6, and 8 and Requests for Production 1-9, 14-15, 17, 20-24. The problem with Plaintiff's grouping of requests is that it does not allow the Court the opportunity to address any specific concerns. For the convenience of the Court, Chase Ranch has singled out the disputes and will address each in turn:

Interrogatory No. 2: As a reminder, Plaintiff's claim against Chase Ranch relates to an alleged easement over Chase Ranch property. Chase Ranch owns and controls the Chase Ranch Wagon Trail at issue and has so owned and controlled the road at all times related to this lawsuit. Despite this fact, by Interrogatory No. 2 Plaintiff sought discovery on the full legal relationship in any respect between the Boy Scouts of America (BSA) and Chase Ranch. [*See* Doc. 92-6 at 2.] Moreover, the Interrogatory seeks information "starting January 1, 2012 and continuing to the present" despite the fact that all allegations in Plaintiff's Complaint relating to Chase Ranch predate 2019. [*See* Doc. 42 ¶ 25.] In short, Plaintiff's Interrogatory No. 2 is not limited by scope or time (making it overly broad on its face) or by subject (suggesting that it seeks information that is not relevant).

When a "request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Osteostrong Franchising, LLC v. Richter*, No. CV 18-1184 WJ/JFR, 2019 WL 9657789, at *2 (D.N.M. Nov. 26, 2019). "[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to

restrict discovery [to protect] 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Herbert v. Lan*do, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)(1)).

"[A] court must also ensure that discovery sought is proportional to the needs of the case. A court must strive to eliminate unnecessary and wasteful discovery and identify a party's actual need for the sought information." *Osteostrong*, 2019 WL 9657789, at *2. Consequently, this Court is not "required to permit [a party] to engage in a 'fishing expedition' in the hope of supporting his claim." *Id.* (quoting *McGee v. Hayes*, 2002 WL 1608456, 43 Fed. Appx 214, 217 (10th Cir. July 22, 2002) and citing *Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697(WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support" (internal quotations omitted)); *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do, and should, remain "concerned about fishing expeditions, discovery abuse[,] and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotations omitted)). Rule 26(c)(1) authorizes the Court to enter a protective order against overreaching discovery requests. The court has "wide discretion" to ensure Plaintiff's discovery is proportional to the needs of the case. *Osteostrong*, 2019 WL 9657789, at *2.

Pursuant to its obligations under FRCP 33, Chase Ranch answered Plaintiff's request to identify Chase Ranch as a Landlord/Licensor and BSA as a Tenant/Licensee and has identified for Plaintiff the Lease Agreements and Licensing Agreements that set for the contractual relationship between Chase Ranch and BSA. Although Plaintiff requests that Chase Ranch answer this Interrogatory "fully" [*see* Doc. 92 at 5, 6, 9, 13], Chase Ranch already has provided

more information than Plaintiff is entitled to in discovery and does not have anything additional to provide.  The Court should deny the Motion.

Interrogatory No. 4:  Plaintiff's only complaint regarding Interrogatory No. 4 is that Chase Ranch fulfilled its obligations to provide what answer it could after stating an objection. [*See* Doc. 92 at 5.]  Chase Ranch's objection was that Plaintiff disguised four interrogatories as one interrogatory with four distinct subparts.  In this regard, Plaintiff does not attack Chase Ranch's objection.  Other than that objection, Chase Ranch answered fully and does not understand what Plaintiff's contention or request for relief is relating to this Interrogatory.

Interrogatory No. 5:  In violation of FRCP Rule 10, Plaintiff included in its First Amended Complaint a lengthy narrative that sets out the factual allegations against Chase Ranch. [*See* Doc. 42, ¶ 25.]  Plaintiff then sent a single discovery request that sought the basis for Chase Ranch denying seven different allegations.  Through the meet and confer process, Chase Ranch agreed to provide what information it had to date, and Chase Ranch will provide that supplementation.  The supplementation should resolve Plaintiff's concerns.

Other than objecting because of the multiple interrogatories disguised as one, Chase Ranch did object that Interrogatory No. 5 was a contention interrogatory that is frowned upon by the Federal Rules of Civil Procedure.  *See Heuskin v. D&E Transp.*, LLC, 2020 WL 1450575 (D.N.M. Mar. 25, 2020) ("blockbuster narrative interrogatories, which require the responding party to provide the equivalent of a narrative of its entire case together with identification of virtually all supporting evidence for each and every fact, are disfavored") (quotation omitted) (citation omitted).  Further, discovery requests that require a party to "detail the complete basis" or provide "any and all facts" are not proper.  *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (holding that interrogatories that seek every fact and every

application of law that supports the identified allegations in the pleading are overly broad and unduly burdensome).  As identified, however, Chase Ranch did agree to supplement to provide the facts known to it at this time and will meet that agreement.  Chase Ranch will not have any further information to produce at this time.

Interrogatory No. 6:  Unlike Paragraph 25 of the First Amended Complaint, Paragraph 28 set forth one allegation, and by Interrogatory No. 6 Plaintiff asked Chase Ranch to "[s]et forth in detail the complete basis for Chase Foundation's denial."  [*See* Doc. 92, Ex. 7 at 5.]  In response, Chase Ranch referred Plaintiff to its lengthy response related to Interrogatory No. 4 and added the following:

> Poñil has not used the Chase Canyon Wagon Trail because, other than the few exceptions noted, Poñil has not had permission to use the Chase Canyon Wagon Trail.  One cannot claim as an asset or abandon that which one has never held. Further, Poñil has never paid for an easement across Chase Ranch, unlike Poñil paying for an easement across Vermejo Park.

Chase Ranch thus answered Interrogatory No. 6 fully based on information currently available to it.  The fact that Chase Ranch provided all of its information only means that Chase Ranch provided complete discovery despite the objectionable nature of Plaintiff's Interrogatory.  At this time Chase Ranch has nothing more to add.

Interrogatory No. 8:  As with Interrogatory No. 6, Plaintiff's sole basis for concern is that Chase Ranch objected to Plaintiff's improper contention interrogatory.  During the meet and confer process, Chase Ranch agreed to supplement its response to identify the basis for its defenses based on the information known to date.  Chase Ranch will meet that agreement.

Request for Production No. 1:  With this Request, Plaintiff seeks "[a]ll documents evidencing communications between Chase Foundation and Plaintiff" for the last twenty-four years.  After the parties conferred on the objection, Chase Ranch supplemented its response to

identify documents by Bates numbers and to identify that it had not withheld any documents based on its objections.  Chase Ranch has nothing more to produce at this time.

Request for Production No. 2:   With RFP No. 2, Plaintiff seeks "[a]ll documents evidencing communications between BSA and Chase Foundation" for the last twenty-one years. After the parties conferred on the objection, Chase Ranch supplemented its response to identify documents by Bates numbers and to identify that it had not withheld any documents related to the issues raised by Plaintiff's First Amended Complaint based on its objections.  Chase Ranch has nothing more to produce at this time related to the issues raised by Plaintiff's First Amended Complaint, viewing "related" in a very broad light.

This may not cure Plaintiff's issue, however, because Plaintiff believes Chase Ranch is under an obligation to search for documents that are wholly unrelated to the issues raised by Plaintiff's First Amended Complaint.   Chase Ranch searched for and produced anything pertaining to its communications with BSA with regard to any agreements between the two entities, anything that had to do with BSA's use of Chase Ranch property, any historical documents evidencing use by BSA of Chase Ranch property, anything involved with the lawsuit, and the like.  What Chase Ranch did not search for is (for example if such a document even exists) BSA inviting Chase Ranch (and all of BSA's neighbors) to a 100th Anniversary of Boy Scouting event.[1]   As identified above: "[A] court must also ensure that discovery sought is proportional to the needs of the case. A court must strive to eliminate unnecessary and wasteful discovery and identify a party's actual need for the sought information."  *Osteostrong*, 2019 WL 9657789, at *2.  Chase Ranch should not be made to turn over every rock to find every evidentiary aspect of communication between BSA and Chase Ranch over the last twenty-one

---

[1] BSA's 100th Anniversary fell on February 8, 2010.  Thus, if a hypothetical celebration event did occur, and BSA invited Chase Ranch, that would be a communication between the entities.

years.  Instead, Chase Ranch should be required only to do what it has already done, which was to search for documents related to the allegations stated in the First Amended Complaint.  The Court should deny Plaintiff's Motion.

Requests for Production No. 3/4/5:   After the parties conferred on Chase Ranch's objection, Chase Ranch supplemented its response to identify documents by Bates numbers and to identify that it had not withheld any documents based on its objections.  Chase Ranch has nothing more to produce at this time.

Request for Production No. 6:  After the parties conferred on Chase Ranch's objection, Chase Ranch supplemented its response to identify that it did not have any documents responsive to the request and to identify that it had not withheld any documents based on its objections. Chase Ranch has nothing more to produce at this time.

Request for Production No. 7/8:  After the parties conferred on Chase Ranch's objection, Chase Ranch supplemented its response to identify documents by Bates numbers and to identify that it had not withheld any documents based on its objections.  Chase Ranch has nothing more to produce at this time.

Request for Production No. 9:  After the parties conferred on Chase Ranch's objection, Chase Ranch supplemented its response to identify documents by Bates numbers and to identify that Chase Ranch only withheld information that was not relevant based on its objections.  The documents in question are a set of daily journals that Gretchin Sammis kept regarding her daily events.  Chase Ranch went through each journal and produced to Plaintiff any entry that related to the Kimberlins, Poñil Ranch, or the allegations stated in the First Amended Complaint.  Chase Ranch has nothing more to produce at this time.

Request for Production No. 14/15/17:   After the parties conferred on Chase Ranch's

objection, Chase Ranch supplemented its response to identify documents by Bates numbers and to identify that it had not withheld any documents based on its objections.  Chase Ranch has nothing more to produce at this time.

Request for Production No. 20/21/22:  These Requests for Production basically are "catch all" requests that, in essence, requests Chase Ranch to produce anything and everything "relating to any allegation or the events or occurrences referred to" in the First Amended Complaint. Because Chase Ranch provided all non-objectionable materials in response to Plaintiff's other requests, it identified as much, subject to the objections stated in response to the other requests. Chase Ranch stands by its objections to Plaintiff's other objections and otherwise has produced all documents responsive to the other requests.  Of course, Chase Ranch will continue to search for any responsive documents and supplement as needed.

Request for Production No. 23:  Chase Ranch does not understand what Plaintiff's contention is regarding RFP No. 23.  This request seeks information regarding insurance.  Chase Ranch answered without objection that it does not have any documents to produce.  Yet, Plaintiff accuses Chase Ranch of providing "boilerplate objections" and a conditional response.  [Doc. 92 at 5.]  Without further guidance from Plaintiff on this issue, Chase Ranch has nothing to produce.

Request for Production No. 24:  After the parties conferred on Chase Ranch's objection, Chase Ranch supplemented its response to identify documents by Bates numbers relating to Chase Ranch's public filings and to identify that it had not withheld any documents based on its objections.  Chase Ranch has nothing more to produce at this time.

## CONCLUSION

With very few exceptions, after engaging in the meet and confer process with Plaintiff Chase Ranch supplemented its responses to meet Plaintiff's concerns.  At most, the only

discovery requests still at issue are Interrogatory No. 2 and RFPs Nos. 2 and 9.  As identified, as to those request Chase Ranch otherwise has fully met its obligations and thus requests that the Court deny Plaintiff's Motion.

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA

By:_____

Jeffrey M. Croasdell
Jacques Chouinard
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
jcroasdell@rodey.com
JChouinard@rodey.com

*Attorneys for The Chase Ranch Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served on Tuesday, February 20, 2024, electronically to all counsel of record.

RODEY, DICKASON, SLOAN, AKIN & ROBB, PA

By:_____

Jeffrey M. Croasdell